# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: CR03-069-N-EJL |
| **Plaintiff,** | **MEMORANDUM ORDER** |
| **vs.** | |
| **CHRISTOPHER CLOSE,** | |
| **Defendant.** | |

Pending before the Court in the above-entitled matter are Petitioner Hidden Valley Trust's petition to adjudicate third party interest and motion for stay pending appeal. The government has opposed the motions and the parties have filed their responsive briefing. The matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

On July 27, 2004 Defendant Christopher Close was found guilty by a jury of thirty counts of health care fraud, nine counts of money laundering, and one count of obstruction of a federal audit, and one count of obstruction of a federal health care fraud investigation. (Dkt. No. 120). In addition, the superseding indictment charged Mr. Close with two counts of criminal forfeiture whereby the

government sought forfeiture of the gross proceeds of Mr. Close's health care fraud and money laundering violations including certain pieces of real property; at issue on these motions is the property referred to as the "Nelson Loop Road" property. (Dkt. No. 33). Accordingly, the government filed a preliminary order of forfeiture (Dkt. No. 128) and the Court conducted a court trial on the forfeiture matter whereupon the government offered witnesses and testimony. (Dkt. No. 149). The government then filed a motion for post-conviction, pre-forfeiture restraining order of the property which the Court granted. (Dkt. Nos. 162, 163). A motion for preliminary order of forfeiture was also granted in which the Court determined that the Nelson Loop Road Property had the requisite nexus with Mr. Close's criminal activity as required by Rule 32.2(b)(1) and (2) so as to be subject to forfeiture. (Dkt. Nos. 165, 173).

As a result of the forfeiture order, various third parties filed petitions pursuant to 21 U.S.C. § 853(n) to adjudicate third-party interests in the pieces of property upon which the government was seeking to foreclose including Petitioner Hidden Valley Trust. (Dkt. Nos. 185, 188, 189, 191). The government filed an order to show cause as to all parties of interest in the properties subject to forfeiture to come forward and present evidence as to why the property should not be immediately sold to pay back taxes and other debts. (Dkt. No. 192). The Court granted the motion and directed the parties to appear and file a response. (Dkt. No. 193). Hidden Valley Trust responded in writing to which the government filed a reply. (Dkt. Nos. 198, 200). Petitioner then filed a notice of appeal of the Court's order to show cause and the instant motion for stay pending appeal seeking to prevent the sale for the Nelson Loop Road property. (Dkt. Nos. 205, 206).

## Discussion

Hidden Valley Trust's petition seeks to amend the Preliminary Order of Forfeiture to exclude the Nelson Loop Road property arguing "All right, title, and interest...is presently vested, and was at the time of the commission of the offenses by Chris Close, in Hidden Valley Trust." (Dkt. No. 188, p. 3). The motion to stay challenges the government's right to sell the Nelson Loop Road Property and asks the Court to delay sale of the property until the pending appeal is resolved. The motion is made pursuant to Federal Rule of Appellate Procedure 8 and argues the Hidden Valley Trust will be permanently and irreparably harmed if the property is sold. The motion also incorporates the trust's response to the order to show cause (Dkt. No. 198) which alleges the sale of property without a hearing violates the trust's due process rights and 21 U.S.C. § 853(n). The government argues the stay should be denied because trust has failed to satisfy the requirements of 21 U.S.C. § 853(n)(6), the stay would negatively impact other creditors of the property as a result of the continuing decreasing value of the property, and in light of various other factors. The government points to evidence which it argues proves the Nelson Loop Road property was owned by Mr. Close during the commission of the crimes for which he has been convicted and it was transferred to the trust after or during the criminal activity. (Dkt. No. 210, pp. 3-5). In reply, the trust argues the government should simply allow the mortgage foreclosure to go forward, thereby facilitating the trust's right to redeem the property, instead of selling the property. The trust also disagrees with the government's arguments regarding the trustee's administration of the trust and the unpaid mortgage payments.

The government maintains that the Court has the authority to sell the property immediately without a hearing citing 21 U.S.C. §§ 853(e)(1), (g), and (h). The most telling of these sections is § 853(h) which discusses disposition of property following the seizure of said property. This section states:

> Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons.... Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C. § 853(h). Although this section is applicable to a stay pending resolution of the criminal appeal and here the motion for stay is made upon the third party's own appeal of this Court's order to show cause, the language is telling. Applying this section by analogy, it appears the Court may order the sale so long as "due provisions for the rights of any innocent persons" are made but, on the flip side, the Court may stay the sale where a third party demonstrates a sale will result in "irreparable injury, harm, or loss." 21 U.S.C. § 853(h).

As an additional basis to deny the motion to stay, the government points to a four factor test used by other courts to weigh whether a stay is appropriate which considered "the likelihood of success on appeal, whether the forfeited asset will likely depreciate over time, the forfeited asset's intrinsic value to the Defendant (the availability of substitutes), and the expense of maintaining the forfeited property." United States v. Riedl, 214 F.Supp.2d 1079, 1082 (D. Hawaii, 2001) (internal citations omitted) (recognizing United States v. various Tracts of Land in Muskogee & Cherokee

Counties, 74 F.3d 197 (10th Cir. 1996)).   While these factors are not binding upon this Court, they are instructive in resolving this motion.

On the other hand, Hidden Valley Trust asserts that a sale prior to a hearing would violate its due process rights and the express language of 21 U.S.C. § 853(n) which entitles the trust to a hearing before being deprived of any interest in the property.  The government, on the other hand, contends that the Court is permitted to authorize an interlocutory sale of property subject to forfeiture.  The requirements of § 853(n) and Federal Rule of Criminal Procedure 32.2(c) are that where a third party has properly filed a petition asserting an interest in forfeited property the court must conduct an "ancillary proceeding."  Such proceeding, however, does not necessarily require a hearing in order to adjudicate a third party's claims; particularly in a case where a third party is unable to demonstrate a prima facie case for relief or standing under § 853(n)(6) a court may, upon an appropriate motion from the government, dismiss the action.  See Fed. R. Crim. P. 32.2(c)(1); United States v. Ken International Co., LTD., 184 B.R. 102, 105 (D.Nev. 1995) *affirmed by* 113 F.3d 1243 (9th Cir. 1997) (citing United States v. Mageean, 649 F.Supp. 820, 825 (D.Nev. 1986)) (citations omitted).  It does not appear, however, that the Court can dismiss an action without a hearing absent such a motion. Fed. R. Crim. P. 32.2(c)(1).  Since no such motion has been filed in this matter, the Court cannot resolve the petition without a hearing.

Having considered the parties arguments the Court finds as follows.  The government has pointed out that the Nelson Loop Road property has upon it substantial liens and multiple creditor claims and proposes a sale of the property, which is declining in value, so that the proceeds thereof can be divided among the parties possessing valid claims.  The trust states that sale of the property

would result in irreparable injury.  The property in question is real property containing a residence.  While the government's arguments are not without merit, the potential irreparable injury to the trust if the property and residence were sold outweighs the government's interest on this motion to stay.  In making this ruling the Court makes no determination as to the substance of the trust's petition or the merits of its appeal.

## ORDER

Based on the foregoing and being fully advised in the premises the Court **GRANTS** Hidden Valley Trust's Motion to Stay (Dkt. No. 205).  The Court will set a date for hearing on the petition to adjudicate third-party interests in due course.

DATED:  **January 12, 2006**

Honorable Edward J. Lodge
U. S. District Judge