UNITED STATES COURT DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                               )<br>              Plaintiff,           )<br>                               )<br>vs.                            )<br>                               )<br>CHRISTOPHER CLOSE,             )<br>                               )<br>              Defendant.          )<br>                               )<br>                               )<br>                               )<br>                               )  | Cr. No. CR-03-069-N-EJL<br><br>MEMORANDUM ORDER |

      Pending before the Court in the above-entitled matter is Defendant's motion for bail pending appeal. The motion is made pursuant to 18 U.S.C. § 3143(b)(1)(B). The motion argues that the Court should grant his request for bail "because his appellate claims present substantial questions of law" that are "likely to result in a complete reversal of his conviction or alternatively substantially reduce his sentence to less than what he has already served." (Dkt. No. 250). The Government opposes the motion. (Dkt. No. 251). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## Background

      On July 27, 2004 Defendant Christopher Close was found guilty by a jury of multiple counts of health care fraud and money laundering in addition to one count of obstruction of a federal audit and one count of obstruction of a federal health care fraud investigation. (Dkt. No. 120). On February 23, 2005, the Court sentenced the Defendant to a term of imprisonment of ninety-six months to be followed by three years of supervised release, a fine of $50,000, and restitution in the amount of $216,010.03. (Dkt. No. 178). Defendant has appealed his conviction. Defendant previously filed a motion to stay pending appeal which the Court denied (Dkt. Nos. 179, 190) and

MEMORANDUM ORDER - 1

a motion for reconsideration which the Court also denied (Dkt. Nos. 194, 209). The instant motion requests that Defendant be released pending appeal.

## Discussion

"Under the Bail Reform Act of 1984, a defendant shall be incarcerated pending appeal unless the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not taken for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if the substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment, on all counts on which imprisonment has been imposed."[1] United States v. Mett, 41 F.3d 1281, 1281

---

[1] 18 U.S.C. § 3143(b)(1) states:
(b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

MEMORANDUM ORDER - 2

n. 3 (9th Cir. 1994), *as amended* (Feb 08, 1995) (citing 18 U.S.C. § 3143(b) and United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985)).

Defendant argues he poses no risk to the community nor any risk of flight as evidenced by the Court's willingness to allow pretrial release and voluntary surrender and the Defendant's compliance with the terms of release. In addition, the Defendant notes his ties to the community and his family and the lack of any prior criminal history. On appeal, the Defendant contends he has raised "two substantial questions of law that will likely reverse his conviction and require a new trial" arguing: 1) violation of his Sixth Amendment Right to his choice of counsel and 2) this Court's abuse of discretion in denying Defendant's motions to continue and his counsel's motions to withdraw. Either or both issues, Defendant argues, warrant reversal of his conviction and, thus, granting his request for release. The Government objects to the motion asserting that the appellate arguments fail to raise a substantial question of law or fact.

The Court is familiar with the facts and the record in this matter and yet has again reviewed the record to assure itself of the issues in this case. Having conducted this review, the Court is confident that the record is clear and that, as the Government argues in response to this motion, that the Defendant's appellate issues do not raise substantial questions of law likely to reverse his conviction, require a new trial, or otherwise change his sentence as required by 18 U.S.C. § 3143(b)(1)(B). Accordingly, the Court denies the motion for bail.

### ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Defendant's motion for bail (Dkt.No. 250).

DATED:  **September 28, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 3